IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-03306-RBJ
Criminal Action No. 17-cr-00099-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

TIMOTHY PAUL BEAGLE,

    Defendant/Movant.

# ORDER

This matter is before the Court on Defendant Timothy Paul Beagle's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No. 92). Defendant filed the motion *pro se*. The Court must therefore construe the motion liberally because it was not filed by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons below, the motion will be denied without prejudice to being refiled in the District of Alaska.

## I. BACKGROUND

This case began in the District of Alaska in 2011. *See United States v. Beagle*, Case No. 11-cr-00001-TMB (D. Alaska 2011). Defendant pled guilty to possessing firearms, while a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 31, 2011, that court imposed the following sentence: 84 months of imprisonment and 3 years of supervised release. *Id.* at ECF

No. 92. Supervised release commenced in 2017.

After supervised release commenced in 2017, the case was transferred later that year to the District of Colorado as the custodial court for supervised release purposes. *United States v. Beagle*, Case No. 17-cr-00099-RBJ (D. Colo.). In 2019, the Probation Office filed a petition with the Court, alleging Defendant committed multiple violations of his supervised release. In 2020, the Probation Office filed a superseding petition, alleging Defendant committed 18 violations of supervised release. At his supervised release violation hearing, Defendant admitted to all 18 violations. He also agreed to a 24-month period of incarceration. As such, for the supervised release violations, the Court sentenced Defendant to 24 months in prison, followed by 12 months of supervised release. Judgment entered on March 5, 2020. (ECF No. 74).

On March 17, 2020, Defendant's CJA-appointed counsel submitted two filings: a *Motion to Correct Sentence* under Fed. R. Crim. P. 35(a) and a *Notice of Appeal*. (ECF Nos. 75, 76). The appeal is currently pending before the United States Court of Appeals for the Tenth Circuit.

On November 5, 2020, Defendant filed *pro se* the instant § 2255 motion. (ECF No. 92). In the motion, Defendant contests the validity of his underlying conviction and sentence for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.* at 1). Although the motion lists the case numbers for both matters—this action and the action from the District of Alaska—the substance is directed entirely at the underlying criminal conviction and sentence imposed in the District of Alaska. As the Court will now discuss, the motion should have been filed in the District of Alaska.

## II.   DISCUSSION

"A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)

2

(citations omitted). As the Supreme Court has explained, Section 2255 requires "the prisoner to file a motion with the sentencing court on the ground that his sentence was, *inter alia*, imposed in violation of the Constitution or laws of the United States. . . . It directed claims not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."[1] *Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008) (quotes and citation omitted); *see also United States v. Knight*, 16 F.3d 418 (10th Cir. 1994) (unpublished) (citations omitted) ("Just as a defendant may not attack (in a probation revocation hearing) the conviction which resulted in probation, so too a defendant is precluded from collaterally attacking a conviction upon which probation is revoked.").

Though this Court has entered a sentence against Defendant, his § 2255 motion does not contest *this Court's* sentence. Instead, every challenge relates to the conviction and sentence imposed by the District of Alaska. (ECF No. 92 (identifying a sentencing date of October 31, 2011 and sentence length of 84 months for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2))). The motion seeks to assert eight grounds for relief:

(1) "Violation of 4th Amendment Right" (*id.* at 4);

(2) "Violation of 4th Amendment Right" (*id.* at 5);

(3) "Was not given a downward departure for Mental Capacity" (*id.* at 7);

(4) "Judge Patricia Collens and police told me I was legal to have Hunting Rifles" (*id.* at 8);

---

1 Subsection (a) of Section 2255 provides:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

(emphasis added).

(5) "Ineffective Assistance of Couns[e]l" (*id.* at 10);

(6) "Under First Step I am intitled to a 3 point downward departure" (*id.*);

(7) "Judge Timothy Burgess said he would discharge my sentence after a year on probation" (*id.*); and

(8) "That a juvenile case was used on my PSI with wrong information" (*id.* at 11).

The factual issues raised by each claimed deficiency can be summarized as follows: whether the arresting officers validly searched his gun safe; whether Judge Burgess properly considered his mental capacity at sentencing; whether his possession of hunting rifles was based on a mistaken belief as to the legality of possessing such rifles; whether his counsel was constitutionally ineffective; whether he qualifies for a downward departure based on an unspecified provision of the First Step Act; an alleged promise made by sentencing Judge Burgess; and alleged misinformation in the presentence investigation report. (*See generally id.*). Defendant identifies Sue Ellen Tatter of Anchorage, Alaska as the attorney who represented him in the proceedings related to the judgment he challenges. (*Id.* at 12). As relief, Defendant asks for "this motion [to be granted] and discharge [of his] sentence." (*Id.* at 13).

None of the grounds asserted in Defendant's § 2255 motion relate to the sentence for supervised release violations imposed by this Court. Defendant identifies a sentencing date of October 31, 2011, a sentence length of 84 months, alleged promises made by Judge Burgess of the District of Alaska, and alleged errors made by counsel from Anchorage, Alaska—all such challenges concern the underlying conviction for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). That conviction and sentence was imposed by Judge Timothy Burgess of the District of Alaska. Therefore, Defendant's motion may be filed in "the court which imposed the

sentence" he challenges, not this Court.[2]  28 U.S.C. § 2255(a).

## III. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant Timothy Paul Beagle's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No. 92) is DENIED WITHOUT PREJUDICE to being refiled in the District of Alaska. It is

**FURTHER ORDERED** that the government is not required to respond to the motion.

DATED at Denver, Colorado, November 12, 2020.

BY THE COURT:

*[signature]*

R. Brooke Jackson
United States District Judge

---

[2] To the extent Defendant's motion could be read to challenge the sentence this Court imposed, Defendant fails to identify any reason the motion should be entertained while his direct appeal remains pending. *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.").